Case 3:12-cv-05674-KLS   Document 1   Filed 07/30/12   Page 1 of 12

# U.S. DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| WARREN MERRILL<br><br>                            Plaintiff,<br>v.<br><br>ANTHONY GOLIK, Individually and as employee, agent and/or Prosecutor for Clark County; ANNA KLEIN, Individually and as employee, agent and/or Prosecutor for Clark County;   SCOTT JACKSON, Individually and as employee, agent and/or Prosecutor for Clark County;  CLARK COUNTY; a political subdivision of the State of Washington; JENNIFER HUBENTHAL, Individually and as an employee, agent and/or police officer for the City of Vancouver and Clark County; THE CITY OF VANCOUVER; a political subdivision of the State of Washington, JOHN DOE, JANE DOE AS AGENTS OF CLARK COUNTY, and/or The City of Vancouver.<br><br>                            Defendants. | NO.<br><br>COMPLAINT FOR DAMAGES, DECLARATORY RELIEF<br>42 USC §1981, 1983, 1985, 1986 & 1988<br><br>[JURY TRIAL DEMANDED] |

Plaintiff WARREN B. MERRILL, by and through his attorneys Josephine C. Townsend and Peter Fels, hereby requests a trial by jury and alleges:

Merrill v Golik, et al;
COMPLAINT - 1

I.   PARTIES

1. WARREN B. MERRILL was and is, at all times material hereto, a single individual residing in Clark County, Washington

2. Defendants CLARK COUNTY, Washington and CITY OF VANCOUVER are municipal corporations and at all times the employer of ANTHONY GOLIK as the Prosecuting Attorney; ANNA KLEIN and SCOTT JACKSON as Deputy Prosecuting Attorneys and JENNIFER HUBENTHAL, police officer. On information and belief, Clark County and the City of Vancouver jointly share management, policy making, training, oversight and other responsibilities for the Clark County Juvenile Justice Center.

3. Defendant Anthony Golik was at all times material hereto the Prosecutor of the Clark County Prosecuting attorney's office. Golik supervised criminal prosecution matters for the Clark County Prosecuting attorney's office and was a policy maker for the Clark County Prosecutor's Office. Golik is being sued individually and in his official capacity.

4. Defendant SCOTT JACKSON was at all times material hereto the supervising attorney for the Children's Justice Center, a department of the Clark County Prosecuting Attorney's office, supervised the criminal prosecution matters of that department and was a policy maker for the Clark County Prosecutor's Office and Children's Justice Center. Jackson is being sued individually and in his official capacity.

5. Defendant ANNA KLEIN was at all times material hereto the Deputy Prosecuting Attorney responsible for the oversight of Clark County's criminal prosecution of Warren B. Merrill. She is being sued individually and in her official capacity.

Merrill v Golik, et al;
COMPLAINT - 2

Josephine C. Townsend
211 E. 11th Street Suite 104
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

6. Defendant JENNIFER HUBENTHAL was at all times material hereto a police officer for the Vancouver Police Department and responsible for the criminal investigation of Warren B. Merrill. On information and belief, Hubenthal was assigned to and working as an agent for the Clark County Children's Justice Center while working on the investigation of criminal allegations against Mr. Merrill. Hubenthal is being sued individually and in her official capacity.

7. Defendants JOHN and JANE DOE, were at times material hereto, Employees of Clark County and/or the City of Vancouver and had decision making authority for their respective agency.

8. Each and all of the acts of the individual defendants alleged herein were done by the individual defendants under color of law, to wit, under the color and pretense of statutes, ordinances, regulations, customs, policies and usages of the State of Washington, the City of Vancouver, Washington, and the County of Clark.

9. At all times herein relevant, the individual defendants were acting within the scope of their employment.

10. At all times relevant, the City of Vancouver, County of Clark and the Children's Justice Center, its agents, officers and employees, including Scott Jackson and Anna Klein, acted jointly and in concert with the other Defendants Anthony Golik and Jennifer Hubenthal to pursue the investigation and prosecution of charges brought against Plaintiff Warren B. Merrill for alleged crimes and offenses of a sexual nature.

11. A close relationship existed between the Clark County Prosecutor's office, the City of Vancouver and the other Defendants for the purpose of performing the public

Merrill v Golik, *et al;*
COMPLAINT - 3

Josephine C. Townsend
211 E. 11th Street Suite 104
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

1   function of investigating and prosecuting alleged sexual offenses against children in

2   Clark County. These defendants jointly participated in the investigation and prosecution

3   of allegations against the plaintiff.

4   ## II. JURISDICTION AND VENUE

5   12.   Defendants are individuals and/or political subdivisions of the state of

6   Washington. All of the unlawful acts and practices occurred in Clark County,

7   Washington. Subject matter jurisdiction, personal jurisdiction, and venue are properly

8   before this Court.

9   13.   The acts and constitutional violations alleged herein were committed within Clark

10  County, Washington.

11  14.   This action arises under the United States Constitution, particularly under the

12  provisions of the First, Fourth and Fourteenth Amendments to the Constitution of the

13  United States, and under federal law, particularly Title 42 of the United States Code, §§

14  1981, 1983,1985, 1986 and 1988.

15  15.   This Court has jurisdiction of this case under and by virtue of Title 28 of the

16  United States Code, §§1331, 1342(4) and 1343.

17  ## III. COMPLIANCE WITH RCW 4.96

18  16.   On or about July 18, 2012, Plaintiff delivered Tort Claim notices to Clark County

19  and the City of Vancouver. Plaintiff intends to add pendent state claims at such time as

20  allowed under RCW chapter 4.96.

21  //

22  //

23  Merrill v Golik, et al;
    COMPLAINT - 4

IV. INTRODUCTION

17. This is an action for declaratory relief and money damages to redress the deprivation by defendants, acting under color of statute, ordinance, regulation, custom and/or usage, of rights, privileges or immunities secured to plaintiff Warren B. Merrill by the First, Fourth and Fourteenth Amendments to the Constitution of the United States of America with intent to deny plaintiff Warren B. Merrill his civil rights, all of which arise under State and Federal Law, in violation of Title 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988, and the Constitutions, laws and statutes of the United States and the State of Washington.

V. FACTS

18. On July 31, 2009, Warren B. Merrill was arrested by Officer Jennifer Hubenthal and charged by the Clark County Prosecutor's office for rape of a child first degree (two counts). The alleged victims were Mr. Merrill's two children.

19. Warren B. Merrill's name was entered into the court system as a defendant on August 4, 2009, and his charges became public record. He was booked and released by the Clark County Sheriff's Department on or about September 1, 2009.

20. Officer Hubenthal failed to conduct collateral interviews and failed to follow the Washington State Child Interviewing Protocols before recommending charges be placed against the Plaintiff.

21. Prosecutors in the Clark County Prosecutor's office and the Children's Justice Center accepted the recommendations of Officer Hubenthal and failed to require further

Merrill v Golik, et al;
COMPLAINT - 5

Josephine C. Townsend
211 E. 11th Street Suite 104
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

1  interviews and corroboration of the alleged victims' complaints before filing charges
2  against the Plaintiff.
3  22.  Defendants falsely wrote and issued defamatory statements regarding the Plaintiff
4  which left false impressions regarding his reputation and harmed his liberty interests.
5  23.  In September of 2009 Plaintiff took and passed a polygraph and provided the
6  results to the Defendants.
7  24.  On December 14, 2009, Anna Klein of the Clark County Prosecutor's Office
8  amended the complaint and added charges (four counts) of child molestation against the
9  Plaintiff and filed the amended complaint with the Clark County Superior Court.
10 25.  On March 10, 2010, the alleged victims were interviewed and one of the victims
11 recanted her complaint against the Plaintiff, indicating that she had lied about her
12 allegations.
13 26.  After the victim recanted her complaint, the Plaintiff was advised by the
14 Defendants that if he signed over his parental rights to his children to his ex-wife and
15 allowed her new husband to adopt the children, the criminal charges would be dismissed
16 without prejudice.
17 27.  On April 30, 2010, upon motion and hearing, the criminal case against Mr.
18 Merrill was dismissed without prejudice.
19 28.  On May 23, 2011, upon motion, and after the one year statute allowing the
20 adoption to be set aside, Clark County dismissed the criminal charges against Mr. Merrill
21 with prejudice.
22
23

Merrill v Golik, et al;
COMPLAINT - 6

Josephine C. Townsend
211 E. 11th Street Suite 104
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

29. On the 18th day of July 2012, in accordance with RCW 4.96.020, plaintiff caused a Notice of Claim to be served upon the County of Clark and City of Vancouver.

## VI. FIRST CLAIM FOR RELIEF
### Denial of Civil Rights Pursuant to 42 U.S.C. § 1983

30. Plaintiff re-alleges and incorporates each and every allegation contained in paragraphs "1" through "29".

31. As the result of the actions of the defendants as described herein, Plaintiff was subjected to the deprivation of rights, privileges and/or immunities secured by the United States Constitution and laws of this State and the United States and has been damaged thereby. Plaintiff's rights, privileges and immunities deprived by defendants include, but are not limited to:

(a) Right to due process of law;

(b) Right to freedom from unlawful search and seizure;

(c) Right to equal protection under the laws;

(d) Right to freedom from false arrest;

(e) Right to freedom from unlawful imprisonment; and

(f) Right to freedom from malicious abuse of process.

32. As a direct result of the actions of defendants described herein, Plaintiff suffered damages including but not limited to loss of income and earnings, loss of earning capacity, mental suffering, damage to his relationship with his children, embarrassment, humiliation, loss of enjoyment of life, fear, expenses for legal fees and costs and other out-of-pocket expenses.

Merrill v Golik, et al;
COMPLAINT - 7

Josephine C. Townsend
211 E. 11th Street Suite 104
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

33. Plaintiff is entitled to recover from each defendant, jointly and severally, for his damages, reasonable costs and attorney fees.

## VII. SECOND CLAIM FOR RELIEF
Unconstitutional Custom, Practice or Policy (Municipal Liability under *Monell*)

34. Plaintiff re-alleges and incorporates each and every allegation contained in paragraphs "1" through "32".

35. Upon information and belief, Clark County, the City of Vancouver and their policy makers condoned, permitted, encouraged and/or ratified a departmental policy, practice and/or custom permitting police officers and prosecutors employed by Clark County and the City of Vancouver in association with the Children's Justice Center to unlawfully arrest and detain citizens without probable cause, and unlawfully commence and maintain criminal prosecutions against citizens.

36. Defendants acted with deliberate indifference to the rights of citizens with whom municipal employees were known to come into contact by failing to investigate and act upon allegations of citizens charged by the Vancouver Police Department and Clark County Prosecutor's office of the practice of filing false or unsubstantiated charges, commencing and maintaining criminal prosecutions against citizens without probable cause.

37. Pursuant to policy or custom, Clark County, City of Vancouver, Anthony Golik, Scott Jackson, Anna Klein, and Jennifer Hubenthal ratified or tacitly authorized the unconstitutional actions of the employees of Clark County and the City of Vancouver.

Merrill v Golik, et al;
COMPLAINT - 8

Josephine C. Townsend
211 E. 11th Street Suite 104
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

38. As a result of the deliberate indifference toward his constitutional rights and as a result of the customs and practices described herein, Plaintiff suffered the constitutional deprivations and damages described above and is entitled to recover from each defendant, jointly and severally, for his damages, reasonable costs and attorney fees.

### VIII. THIRD CLAIM FOR RELIEF
Failure to Train (Municipal Liability under *Monell*)

39. Plaintiff re-alleges and incorporates each and every allegation contained in paragraphs "1" through "32".

40. Upon information and belief, Clark County, The City of Vancouver, Anthony Golik, Scott Jackson, and Anna Klein, are responsible for establishing, instituting and enforcing the policies, ordinances, regulations, customs and practices of Clark County and the City of Vancouver insofar as relates to their individual departments and the Children's Justice Center.

41. The actions of the defendants as above alleged, include but are not limited to:

(a) arresting (or causing to be arrested) citizens without probable cause to believe that a crime had been committed or that the citizens being arrested had committed any crime;

(b) failing to reasonably investigate whether a crime had been committed before arresting and detaining citizens; including failing to investigate exculpatory evidence;

Merrill v Golik, et al;
COMPLAINT - 9

Josephine C. Townsend
211 E. 11th Street Suite 104
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

(c) using their positions as police officers or prosecutors to intimidate and threaten citizens and using their power to commence criminal actions against citizens in order to attain personal goals and objectives;

(d) failing to intervene in the unconstitutional acts of co-employees and subordinates;

(e) failing to train and failing to assure compliance with training of employees, co-workers and subordinates in the proper techniques of investigation of charges of sexual conduct with minors and for taking official action such as arrest and prosecution in such cases;

(f) assisting and ratifying the unconstitutional acts of co-employees and subordinates described herein.

(g) failing to terminate the criminal prosecution of citizens, including plaintiff Warren B. Merrill, upon learning facts showing a lack of probable cause to continue the prosecution.

(h) failing to utilize established protocols in the interviewing of children and corroborating their complaints before arresting alleged defendants.

42. The above named defendants acted with deliberate indifference to the rights of the citizens to whom its employees were known to come into contact, including the plaintiff, by failing to properly train their employees to avoid improper actions which would likely cause constitutional deprivations.

43. The above named Defendants acted with deliberate indifference to the constitutional rights of the Plaintiff by maintaining a policy, practice or custom allowing

Merrill v Golik, *et al;*
COMPLAINT - 10

Josephine C. Townsend
211 E. 11th Street Suite 104
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

unconstitutional acts and by failing to train their employees with regard to proper and lawful procedures in declaring conflicts of interests, corroborating child witness complaints, making inquiries and arrests of citizens and commencing and maintaining criminal prosecutions against citizens, knowing or having reason to know that the policy, practice or custom and the failure to properly train their employees would result in a deprivation of the constitutional rights of the citizenry.

44. As a result of the deliberate acts and failures to act, customs and practices of Defendants described herein, Plaintiff suffered the constitutional deprivations and damages described above.

45. Plaintiff is entitled to recover from each defendant, jointly and severally, for his damages, reasonable costs and attorney fees.

### IX. FOURTH CLAIM FOR RELIEF
Failure to Supervise (Municipal Liability under *Monell*)

46. Plaintiff re-alleges and incorporates each and every allegation contained in paragraphs "1" through "44".

47. The actions and failures to act of the defendants as described herein included the failure to adequately supervise co-workers and subordinates.

48. As a result of the deliberate acts and failures to act, failure to supervise, and customs and practices of Defendants described herein, Plaintiff suffered the constitutional deprivations and damages described above.

49. Plaintiff is entitled to recover from each defendant, jointly and severally, for his damages, reasonable costs and attorney fees.

Merrill v Golik, *et al;*
COMPLAINT - 11

Josephine C. Townsend
211 E. 11th Street Suite 104
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

WHEREFORE, plaintiff demands judgment against the defendants as follows:

1. A determination and declaration from the court that the policies and procedures outlined above violated the rights, privileges or immunities secured to plaintiff by the First, Fourth and Fourteenth Amendments to the Constitution of the United States of America and the laws and constitution of the State of Washington, and enjoining and directing defendants to correct their procedures and practices to bring into conformity with generally accepted practices and procedures;

2. Against each defendant, jointly and severally, for all special, general and compensatory damages on each of Plaintiff's claims in amounts to be proven at trial.

3. Against the individual defendants and municipal defendants for punitive and exemplary damages, and for attorney fees and costs under the Civil Rights Act, 42 U.S.C. Section 1983 and 1985, et. seq. and 42 U.S.C. Section 1988.

4. For such other and further relief as this court deems just, proper, and equitable.

Dated this 30th day of July 2012

Attorneys for Plaintiff:

/s/Josephine C. Townsend
WSBA 31985

/s/Peter Fels,
WSBA 23708

Merrill v Golik, *et al;*
COMPLAINT - 12

Josephine C. Townsend
211 E. 11th Street Suite 104
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965